```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
```

UNITED STATES OF AMERICA,

        Plaintiff,

                              **NOT FOR PUBLICATION**

    -against-          **MEMORANDUM & ORDER**

                              17-CV-7563 (KAM)

ANGELA I. JAQUEZ,

        Defendant.

```
---------------------------------------X
```

**MATSUMOTO, United States District Judge**:

        Plaintiff United States of America ("plaintiff") commenced this action seeking payment for the indebtedness of defendant Angela I. Jaquez ("Jaquez" or "defendant"). (*See* ECF No. 1, Complaint, dated Dec. 26, 2017 ("Compl.").) Presently before the court is plaintiff's unopposed motion for default judgment against defendant Jaquez. (ECF No. 9, Motion for a Default Judgment, dated Apr. 18, 2011 at 1.) The motion seeks a judgment of the amount owed in principal and interest from a promissory note, as well as reimbursement for the plaintiff's counsel's out-of-pocket costs from serving the summons and complaint. (ECF No. 9-1, Affirmation in Support of Motion for Entry of A Default Judgment, dated March 19, 2018.) For the reasons set forth below, plaintiff's motion for default judgment

is denied without prejudice to renew after the plaintiff provides specific information regarding the $0.27 per diem interest calculations, which should include the starting date for interest accrual.  Once the plaintiff sets forth the appropriate calculation of interest and establishes the amount of damages to date, the plaintiff may renew its motion to enter default.

**BACKGROUND**

On December 29, 2017, plaintiff filed the instant Complaint against defendant.  (*See generally* Compl.)  Service of process was effected on January 22, 2018 at defendant's residence by leaving the summons and complaint with an adult co-tenant.  (ECF No. 6, Affidavit of Service, dated Jan. 23, 2018.) These documents were also mailed to the defendant's residence via First Class Mail on January 23. 2018.  (*Id.*)  The Complaint alleges that on or about May 1, 1999, defendant executed a promissory note "to secure loan(s) of $4,487.00," and the funds were disbursed on August 31, 1999 through January 1, 2000 "at a variable rate of interest to be established annually by the Department of Education."  (Compl. at 3, Ex. A., Certificate of Indebtedness.)  The loan holder demanded payment according to the note terms and credited $2,098.35 to the outstanding

principal; the defendant subsequently defaulted on the obligation on August 18, 2006. (*Id.*) Due to the default, the loan guarantor "paid a claim in the amount of $2,388.65 to the holder . . .[and] attempted to collect this debt from the [defendant]." (*Id.*) The guarantor was not able to collect the full amount due and assigned its right and title to the loan to the Department of Education on September 29, 2014. (*Id.*) The United States claims that it is now owed a principal of $2,388.65 and interest accruing at a 4.08% annual rate, a $0.27 daily rate through June 30, 2018, "and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a." (*Id.*) Plaintiff does not provide further detail regarding the date that interest in the amount of $0.27 started to accrue.

On March 14, 2018, plaintiff requested a notation of default, stating that the defendant failed to file an answer or otherwise respond to the complaint. (ECF No. 7, Affirmation Requesting Notation of Default, dated March 13, 2018.) On March 16, 2018, the Clerk of the Court noted the entry of default pursuant to Fed. R. Civ. P. 55(a). (ECF No. 8, Entry of Default, dated March 16, 2018.)

**DISCUSSION**

**A. Standard for Default Judgment**

The Federal Rules of Civil Procedure have prescribed procedural steps for entering a default judgment. *See* Fed. R. Civ. P. 55. The procedure "following a defendant's failure to plead or defend as required by the Rules begin[s] with the entry of default by the clerk." *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). Rule 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made . . ., and if no hearing is needed to ascertain damages, judgment by default may be entered by the court." *Meehan*, 652 F.2d at 276.

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Education & Training Fund & Other Funds v. Metro Found. Contractors Inc.* (citation omitted). Moreover, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint

4

with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

Rule 55 states that "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate a judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). "By its terms, 55(b)(2) leaves the decision of whether a [damages] hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A hearing is unnecessary "as long as [the district court] ensure[s] there [i]s a basis for the damages specified in a default judgment." *Id.*

**B. Application**

As a threshold matter, defendant has not attempted to defend herself in the present action. Based on the evidence in the docket, the court finds that defendant has had sufficient notice of the present litigation. On January 22, 2018, a true copy of the summons and complaint was left with a person of suitable age and discretion at the residence of defendant. (ECF No. 6, Affidavit of Service, dated Jan. 23, 2018.) The same

5

documents were also mailed to the defendant's residence via First Class Mail on January 23. 2018. (*Id*.) Then, on March 14, 2018, plaintiff served the defendant with a copy of the request for a notation of default. (ECF No. 7-2, Certificate of Service regarding Affirmation Requesting Notation of Default, dated March 14, 2018.) Finally, on March 20, 2018, plaintiff served the defendant with the motion for default judgment and supporting papers. (ECF No. 9-5, Certificate of Service regarding Motion for Default Judgment, dated March 20, 2018.) The court therefore finds that defendant has willfully and deliberately failed to plead or defend her interest in this action. Further, defendant has not moved to set aside the entry of default. Accordingly, a default judgment will be entered against defendant Jaquez if plaintiff provides additional information regarding the accrual of interest.

The court also finds that the plaintiff has not provided sufficient evidence upon which to base an award of damages because additional information is needed to finalize the interest component of the damages amount. The plaintiff has requested a judgment for the payment of a loan's principal and interest, as well as plaintiff's attorney's costs for serving the summons and complaint; the plaintiff's attorney is not requesting fees. (ECF No. 9-1, Affirmation in Support of Motion for Entry of A Default Judgment, dated March 19, 2018.) In

6

support of these requests, the plaintiff has provided a Certificate of Indebtedness, which was certified under penalty of perjury by a Department of Education loan analyst, as an attachment to the complaint. (Compl. at 3, Ex. A., Certificate of Indebtedness.) The original loan amount in the Certificate of Indebtedness matches the original amount requested by the defendant in her promissory note, which the plaintiff has also provided. (ECF No. 9-3, Application and Promissory Note for Federal PLUS Loan, dated May 1, 1999.) The plaintiff has described the remaining principal balance amount, the total amount of interest accrued through March 19, 2018, and instructions for calculating interest after March 19, 2018. (Compl. at 3, Ex. A., Certificate of Indebtedness; Exhibit 9-2, Proposed Default Judgment Order.) The calculation rate for interest after March 19, 2018 only applies to a period of time through June 30, 2018, and the plaintiff does not disclose when interest started to accrue. (*See* Compl. at 3, Ex. A., Certificate of Indebtedness; *see also* FEDERAL STUDENT AID, https://studentaid.ed.gov/sa/types/loans/interest-rates (last visited Dec. 17, 2018) ("Most loans (excluding Perkins Loans) first disbursed prior to July 1, 2006, have variable interest rates that are effective July 1 of one year through June 30 of the following year. Interest rates for these loans are not displayed on this site.").) Finally, the plaintiff has provided

7

a receipt for its attorney's costs incurred from serving the defendant. (ECF No. 9-4, Invoice, dated January 30, 2018.)

**CONCLUSION**

For the forgoing reasons, the court hereby denies without prejudice to renew plaintiff's motion for entry of default judgment against defendant.

The plaintiff calculates the damages amount as follows:

| | |
|---|---|
| Principal Balance: | $2,3888.65 |
| Total Interest Accrued From ____ to March 19, 2018: | $1,1113.23 |
| Plaintiff's Costs: | $77.08 |
| Plaintiff's Submitted Subtotal: | $3,578.96 |
| Additional Interest Accrued from March 19, 2018 to June 30, 2018 at $0.27/day (103 days): | $27.81 |
| Additional Interest accrued from July 1, 2018 to ____(date of renewed motion) at $_/day (_ days): | TBD |
| Interest Subtotal: | TBD |
| Total Due: | TBD |

Plaintiff is ordered to renew its motion to enter default establishing the interest calculation from the date of accrual to the date of the renewed motion. Plaintiff will not be entitled to any damages until the court has been given a

8

basis for awarding interest from the date of accrual through the date of plaintiff's subsequent motion to enter a default judgment.

Plaintiff is directed to serve a copy of this Memorandum and Order on defendant and file a declaration of service by December 28, 2018.

**SO ORDERED.**

Dated:   December 19, 2018
         Brooklyn, New York

                                      _____/s/_____
                                      Hon. Kiyo A. Matsumoto
                                      United States District Judge
                                      Eastern District of New York